**In re Richard A. MINNIG and Ruth R. Minnig, Debtors.**

**Bankruptcy No. 90–2153–9P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 21, 1990.

Roger L. Waltemyer, O'Halloran, Johnson & Waltemyer, N. Fort Myers, Fla., for debtors.

Alan L. Levine, Naples, Fla., trustee.

ORDER ON TRUSTEE'S OBJECTION TO CLAIMS OF EXEMPTION AND MOTION FOR DEBTORS TO TURNOVER PROPERTY OF THE ESTATE

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter under consideration is the Trustee's Objection to Claims of Exemption and Motion for Debtors to Turnover Property of the Estate. The facts which are relevant to the disposition of the issues as established at the hearing on the Trustee's Objection are as follows:

The Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code on March 9, 1990. The Debtors claimed as exempt property in the amount of $2,000.00 pursuant to § 522(b)(2)(A) of the Bankruptcy Code and Florida Statutes Section 222.21. Among the property the Debtors claimed as exempt are two burial plots with a value of $600 pursuant to Florida Constitution Article X § 4(a)(2). The Trustee objects to this claim of exemption and requests this Court order the Debtors to turn over to the Trustee the value of these plots or their ownership interest of the plots.

Under Florida Statute § 497.033(1)(c), cemetery companies have the exclusive right to sell "interment or burial rights in earth, mausoleum, crypt, niche or columbarium interment." *Fla.Stat.* § 497.005(11) defines "burial right" as "the right to use a grave space" and such use has been designated as an easement, license or privilege. 9 Fla.Jur.2d § 39; *Mingledorff v. Crum*, 388 So.2d 632 (Fla. 1st DCA 1980). Furthermore, the contract executed by both the Debtors and Lee Memorial Park for the purchase of the cemetery plots describes the interest sold as "the exclusive rights of interment/entombment."

Based upon the foregoing, this Court is satisfied that the interest held by the Debt-

ors is an easement which is an interest in real property. 20 Fla.Jur.2d § 1. Since the only interest in real property which may be claimed as exempt is homestead property pursuant to Article X § 4(a) of the Florida Constitution, and since there is no evidence in the record to prove that the Debtors reside on this property, this Court is satisfied that it is appropriate to sustain the Objection by the Trustee. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to the Debtors' claim of exemption is sustained and the Debtors are ordered to turn over to the Trustee their interest in the burial plots so that the Trustee may administer them as property of the estate for the benefit of all creditors.

DONE AND ORDERED.